E. CARRE CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8929.    Decided September 30, 1926.

*J. C. Wilkins* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

SMITH: This is a proceeding for the redetermination of a deficiency in income and profits tax for the years 1918 to 1924, inclusive, in the aggregate amount of $3,549.65, plus penalty of $935.35—total $4,485. The only error alleged in the determination of the deficiency was a reduction of the president and manager's salary from $9,000 per annum to $6,000 per annum.

FINDINGS OF FACT.

The petitioner is an Alabama corporation with its principal place of business at Mobile. Its capital stock is $10,000, approximately all of which was owned during the years 1918 to 1924, inclusive, by the president and manager. There was no adverse interest. The corporation held no stockholders' meetings or directors' meetings. Its business was that of bottling soft drinks. The president and manager of the company is J. C. Wilkins, who drew from the business such amounts of money as he desired during the tax years under review. Prior to 1918 the amount withdrawn each year and charged on the books as salary was $6,000 or $7,200. Beginning with 1918 there was credited upon the books of the petitioner each year as a salary to Wilkins $9,000. The amounts withdrawn by him from the business during each of the years was substantially that amount; in some years slightly in excess of $9,000. The profits of the business before the deduction of any amount for compensation for Wilkins averaged slightly more than $9,000. Wilkins gave to the business practically his entire time and attention. The only other employees were laborers, clerical and stenographic assistants, solicitors, and salesmen. There was no managerial expense other than the amount paid to Wilkins. The books of account of the petitioner were kept upon the accrual basis. The tax returns for the years under review showed a payment of $9,000 for salary of the manager. This was reduced by the Commissioner to $6,000 and the deficiencies were determined accordingly.

*Judgment for the Commissioner.*